**EXHIBIT 2**

**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-00926-RMR-MDB

STARR RIOS,

       Plaintiff,

v.

ADAMS COUNTY SHERIFF GENE CAPS, in his
official capacity, WELLPATH, MICHELLE BARNES,
MATTHEW VILLAMANA, KAYLA VANGORDER,
DARIUS ARDREY, JACQUELINE CRUZ-ENRIQUEZ,
JENNIFER OVERMYER, BERLINE ALMEDA, ROSS
YNIGUEZ, NETEAL THARP, JOSHUA TAPIA,
XOCHILT NOYOLA VIGIL, GILBERT
NOVOGRADAC, MANDY HILL, GREGORY BARNES,
NICOLE HASS, MARYANN MARTHA MAGLEY-
HERMAN, KRISTINA MEYER, RICHARD DILLON-
MELVIN YODER, SHANNON PERRET, RHONDA
STEWART, DEBORAH REYNOLDS, individually

       Defendants.

---

## MOTION TO WITHDRAW

---

       Daniel P. Struck, Ashlee B. Hesman, and Kristina R. Rood of the law firm Struck Love Acedo, PLC ("Defense counsel") file their Motion to Withdraw pursuant to D.C.COLOLAttyR 5(b). Defense counsel respectfully requests that the Court permit them to withdraw as counsel of record for Defendants Wellpath, LLC, Hass, Magley-Hermann, Meyer, Perret, Reynolds, and Yoder ("Defendants").

/ / /

/ / /

## I.    Relevant Factual Background

Since 2021, Defense counsel has represented Wellpath. (Exhibit 1, Decl. of Daniel P. Struck, at ¶ 4.) In the months leading up to Wellpath's bankruptcy filing, Wellpath was unable to satisfy Defense counsel's invoices for attorneys' fees and costs. (*Id.* at ¶ 5.) On November 11, 2024, Wellpath Holdings, Inc., and its subsidiaries and affiliated companies, commenced a bankruptcy action in the United States Bankruptcy Court for the Southern District of Texas by filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. (*Id.* at ¶ 6.) At the time Wellpath filed for bankruptcy, Wellpath owed Defense counsel $398,714.57 in attorneys' fees and costs. (*Id.* at ¶ 7.) That debt was discharged in bankruptcy, and Defense counsel have not recouped any of those fees or costs. (*Id.*)

When Wellpath emerged from bankruptcy, Defense counsel agreed to continue to represent Wellpath Defendants. (*Id.* at ¶ 8.) Following that agreement, Wellpath was still unable to timely satisfy Defense counsel's invoices for attorneys' fees and costs. (*Id.* at ¶ 9.)

On December 5, 2025, Wellpath informed several former employees who were named defendants in lawsuits that Wellpath would no longer be paying for their legal defense and that they would need to engage new counsel at their own expense. (*Id.* at ¶ 10.) Due to ethical concerns regarding continued representation of current employees while withdrawing as counsel for former employees, Defense counsel made the decision to withdraw as counsel of record for Defendants. (*Id.* at ¶ 14.)

/ / /

**II.    Good Cause Exists to Permit Defense Counsel's Withdrawal as Counsel of Record.**

"An attorney who has filed an Entry of Appearance … may seek to withdraw on motion showing good cause." D.C.COLO.LAttyR 5(b). "Withdrawal shall be effective only on court order entered after service of the motion to withdraw on all counsel of record, any unrepresented party, and the client of the withdrawing attorney." *Id.*

Here, good cause exists to permit Defense counsel's withdrawal as counsel of record for Wellpath Defendants. Wellpath will no longer pay for Defendants Hass, Magley-Herman, Meyer, Reynolds, and Melvin-Yoder legal defense because they are former employees. (*Id.* at ¶ 14.) Defense counsel have ethical concerns regarding continuing to represent current employees while withdrawing as counsel for Defendants Hass, Magley-Herman, Meyer, Reynolds, and Melvin-Yoder. Moreover, undersigned counsel have legitimate concerns regarding the financial viability of Wellpath, in light of delayed payments of attorneys' fees. Wellpath retained attorneys from the law firm of Gordon Rees Scully Mansukhani to substitute as counsel for Wellpath Defendants. Accordingly, good cause exists to permit Defense counsel to withdraw as counsel of record for Wellpath Defendants.

**III.    Conclusion**

For the foregoing reasons, Defense counsel respectfully requests that the Court grant their Motion to Withdraw and permit them to withdrawal as counsel of record for Wellpath Defendants.

- 4 -

Dated:  February 17, 2026

Respectfully submitted,

s/ Ashlee B. Hesman
Daniel P. Struck, #012377
Ashlee B. Hesman, #028874
Kristina Rood, #035097
STRUCK LOVE ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Phone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
ahesman@strucklove.com
krood@strucklove.com

Attorneys for Defendants Hass, Magley-
Hermann, Meyer, Perret, Reynolds, Yoder &
Wellpath LLC

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 17th day of February 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

David A. Lane
Reid Robertson Allison
Stephanie M. Frisinger
David George Maxted
KILLMER LANE, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
dlane@killmerlane.com
rallison@killmerlane.com
stephanie@maxtedlaw.com
dave@maxtedlaw.com

*Attorneys for Plaintiff*

Kerri A. Booth
Michael A. Sink
Adams County Attorney's Office
4430 S. Adams County Pkwy
5th Floor, Suite C5000B
Brighton, CO 80601

*Attorneys for Adams County
Defendants*

Allison R. Ailer
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
allison.ailer@coag.gov

*Attorneys for Defendant Michelle Barnes*

s/ B. Bull

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00926-RMR-MDB

STARR RIOS,

        Plaintiff,

v.

ADAMS COUNTY SHERIFF GENE CAPS, in his official capacity, WELLPATH, MICHELLE BARNES, MATTHEW VILLAMANA, KAYLA VANGORDER, DARIUS ARDREY, JACQUELINE CRUZ-ENRIQUEZ, JENNIFER OVERMYER, BERLINE ALMEDA, ROSS YNIGUEZ, NETEAL THARP, JOSHUA TAPIA, XOCHILT NOYOLA VIGIL, GILBERT NOVOGRADAC, MANDY HILL, GREGORY BARNES, NICOLE HASS, MARYANN MARTHA MAGLEY-HERMAN, KRISTINA MEYER, RICHARD DILLON-MELVIN YODER, SHANNON PERRET, RHONDA STEWART, DEBORAH REYNOLDS, individually

        Defendants.

---

## DECLARATION OF DANIEL P. STRUCK

---

I, DANIEL P. STRUCK, state the following based upon my personal knowledge:

1. I am an attorney licensed to practice law in the United States District Court for the District of Colorado and am counsel of record for Defendants Wellpath, LLC, Hass, Magley-Hermann, Meyer, Perret, Reynolds, and Yoder ("Defendants") in the above-entitled matter. I make this Declaration in support of Defendants' *Ex Parte* Motion to Withdraw.

2.      I am over the age of 18 years old and competent to testify to the matters set forth in this Declaration.

3.      I am the founding partner and owner of the law firm Struck Love Acedo, PLC.

4.      My firm and I have been representing Wellpath since late 2021.

5.      In the months leading up to Wellpath filing for bankruptcy, Wellpath was unable to satisfy my firm's invoices for attorneys' fees and costs.

6.      On November 11, 2024, Wellpath Holdings, Inc., and its subsidiaries and affiliated companies, commenced a bankruptcy action in the United States Bankruptcy Court for the Southern District of Texas by filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

7.      At the time Wellpath filed for bankruptcy, Wellpath owed my firm $398,714.57 in attorneys' fees and costs. That debt, however, was discharged in the bankruptcy proceeding, and my firm has not recouped any of it.

8.      After Wellpath emerged from bankruptcy, my firm agreed to continue representing Wellpath and its current employees in numerous lawsuits pending in this Court, including in the instant matter.

9.      Following that agreement, Wellpath was still unable to timely satisfy my firm's invoices for attorneys' fees and costs.

10.      On December 5, 2025, Wellpath informed several former employees who were named defendants in lawsuits that Wellpath would no longer be paying for their legal defense and that they would need to engage new counsel at their own expense.

- 2 -

- 3 -

11.      Defendants Hass, Magley-Herman, Meyer, Reynolds, and Melvin-Yoder are former employees, and because of that, Wellpath will no longer pay for their legal defense.

12.      I have ethical concerns about continuing to represent current employees while withdrawing as counsel for former employees. Moreover, I have concerns regarding the continued financial viability of Wellpath due to the delayed payment of fees, costs and expert retainers. As a result, my firm has made the decision to withdraw as counsel for all Defendants.

13.      Wellpath has retained attorneys from the law firm Gordon Rees Scully Mansukhani to substitute as counsel for Defendants.

I declare under penalty of perjury under the laws of the United States of America and the State of Colorado that the foregoing is true and correct.

Executed on February 17, 2026 in Chandler, Arizona.


_____
Daniel P. Struck