## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00926-RMR-MDB

STARR RIOS,

        Plaintiff,

v.

ADAMS COUNTY SHERIFF GENE CAPS, in his
official capacity, WELLPATH, MICHELLE BARNES,
MATTHEW VILLAMANA, KAYLA VANGORDER,
DARIUS ARDREY, JACQUELINE CRUZ-ENRIQUEZ,
JENNIFER OVERMYER, BERLINE ALMEDA, ROSS
YNIGUEZ, NETEAL THARP, JOSHUA TAPIA,
XOCHILT NOYOLA VIGIL, GILBERT
NOVOGRADAC, MANDY HILL, GREGORY BARNES,
NICOLE HASS, MARYANN MARTHA MAGLEY-
HERMAN, KRISTINA MEYER, RICHARD DILLON-
MELVIN YODER, SHANNON PERRET, RHONDA
STEWART, DEBORAH REYNOLDS, individually

        Defendants.

---

## WELLPATH DEFENDANTS' OBJECTION TO COURT'S ORDER RE: MOTION TO RESTRICT

---

Pursuant to Fed. Civ. P. 72(a), Wellpath Defendants object to Magistrate Judge Braswell's Order denying their Motion to Restrict ("Motion"). (Dkt. 202.) Wellpath Defendants request that this Court set it aside because it is clearly erroneous and contrary to law as evidenced by the fact Magistrate Judge Starnella and Magistrate Judge Varholak granted identical motions filed by Wellpath Defendants in similar matters.

## I.    Relevant Procedural History.

On January 26, 2026, Wellpath Defendants filed a Motion requesting that the Declaration ("Original Declaration") attached to their Motion to Withdraw receive a Level 3 restriction because it contained privileged information.  (Dkt. 184; Dkt. 185.)  As noted in their Motion, Wellpath Defendants conferred with Plaintiffs prior to filing and Plaintiffs did not oppose the Level 3 restriction request.  *Id*. at 1.

On February 17, 2016, Magistrate Judge Braswell held a hearing on Wellpath Defendants' Motion.  (Dkt. 191.)  During the hearing, Magistrate Judge Braswell indicated she was inclined to deny the Motion as she did not believe it contained privileged information.   Undersigned counsel explained why the information contained within the Original Declaration was privileged and referred Magistrate Judge Braswell to orders from Magistrate Judge Varholak in *Angelo v. Board of County Commissioners of Jefferson County, et al*. No. 1:23-cv-01607-CNS-STV (D. Colo.) and Magistrate Judge Starnella in *Rogacki v. Jefferson County et al*, No. 21-cv-02281 (D. Colo.), which granted nearly identical motions to restrict because they agreed the information was privileged.  (Dkt. 195-1.) At the conclusion of the hearing, Magistrate Judge Braswell granted Wellpath Defendants' Motion to Withdraw, but advised she would take Wellpath Defendants' Motion regarding restriction under advisement.  (Dkt. 201.)

That same day, Wellpath Defendants filed a Motion to Replace and to Allow Time to Appeal Prior to Unsealing.  (Dkt. 195.)  In their Motion to Replace, they requested that if the Court was inclined to deny their Motion, that they be permitted to withdraw the Original Declaration (which contained privileged information) and replace it with a

Sanitized Declaration that omitted the detailed privileged information while leaving the information which established good cause for undersigned counsel's request to withdraw. (*Id*.)

On March 3, 2026, Magistrate Judge Braswell denied Wellpath Defendants' Motion, but granted Wellpath Defendants' request to stay the denial to allow them to object and seek resolution from this Court.  (Dkt. 202.)  Wellpath Defendants now timely object.  This Court should set aside Magistrate Judge Braswell's Order and grant Wellpath Defendants' Motion just as Magistrate Judge Varholak and Magistrate Judge Starnella did.

## II.    Legal Argument.

D.C.COLO.LCIVR 7.2 permits a party to request three types of restriction levels for filings: (1) limiting access to the parties and the court (Level 1); (2) limiting access to the filing party and the court (Level 2); and (3) limiting access to the court (Level 3).  Here, Wellpath Defendants sought a Level 3 restriction.  As detailed in their Motion, a Level 3 restriction was necessary as the Original Declaration includes confidential information regarding the reasoning for Defense counsel's withdrawal of representation. (Dkt. 184 at 2.)  Such confidential information is protected from disclosure by the attorney-client and work-product privileges and is therefore not accessible to the public.  (*Id*.)  As such, in support of their request that the Original Declaration receive a Level 3 restriction, Wellpath Defendants further explained that the privileged information does not carry a presumption of public access and therefore restricting the public's access does not harm any lawful

interest.  (*Id*.)  Wellpath Defendants also noted that Plaintiffs did not oppose the request to apply a Level 3 restriction to the Original Declaration.  (*Id*. at 1.)

In denying Wellpath Defendants' Motion, Magistrate Judge Braswell reasoned there was no justification for Level 3 restriction because the Original Declaration did not contain privileged communications or work product.  (Dkt. 202.)  Citing *Gen. Steel Domestic Sales, LLC v. Chumley*, 129 F. Supp. 3d 1158, 1188 (D. Colo. 2015), she further reasoned that to the extent the Original Declaration contained sensitive information, any need to protect that sensitive information was outweighed by the "responsibility to avoid secrecy in court proceedings because 'secret court proceedings are anathema to a free society.'" (*Id*.)  As detailed below, this finding was clearly erroneous and contrary to law.

"At its core, the work product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *Hansen Constr., Inc. v. Everest Nat'l Ins. Co*., No. 16-CV-02902-CMA-GPG, 2017 WL 7726711, at *1 (D. Colo. July 28, 2017) (citing *United States v. Nobles,* 422 U.S. 225, 238, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975)).  Further, opinion work product (like the information contained in the Original Declaration) such as an attorney's mental impressions, conclusions, opinions, or legal theories, receives special protection against disclosure. *Id*. (citing Fed. R. Civ. P. 26(b)(3)(B)).  Unlike fact work product which is subject to the "substantial need/undue burden test," opinion work product is subject to protection akin to "absolute protection." *In re Qwest Commc'ns Int'l, Inc. Sec. Litig*., No. 01-CV-01451-REB-CBS, 2005 WL 7987529, at *1 (D. Colo. Aug. 15, 2005).  Similarly, the attorney-client privilege protects communications made in confidence between the

client and the attorney from discovery, but it does not protect the underlying facts contained within those communications. *Upjohn Co. v. United States*, 449 U.S. 383, 395–96 (1981).

The Original Declaration contains privileged communications between Defense counsel and Wellpath regarding fee agreements and payment schedules, strategic decisions regarding defense of individual Wellpath Defendants, confidential opinions regarding ethical ramifications of undersigned counsel's defense and withdrawal, and sensitive opinions regarding future actions of undersigned counsel and their clients.[1]  All of this information falls under the attorney-client or work-product privilege umbrellas.

In granting a nearly identical motion in the *Rogacki* case, Magistrate Judge Starnella agreed and held:

> Level 3 restriction is needed because the Ex Parte Motion contains information that is confidential and protected by the attorney-client relationship.  The Court has reviewed the contents of the Ex Parte Motion [#152] and is satisfied that it contained confidential, attorney-client privileged information.

(Dkt. 195-1, emphasis added.)

At a minimum, the Original Declaration's contents are sensitive and should be shielded from public disclosure, especially where the Sanitized Declaration achieves Magistrate Judge Braswell's goal of "avoiding secrecy" in court proceedings.  Indeed, the Sanitized Declaration explains why good cause exists for undersigned counsel's

---

[1] It is difficult to further detail why Level 3 restriction is justified without revealing the contents of the Original Declaration which Wellpath Defendants seek to keep confidential.

withdrawal, without revealing Defense counsel's sensitive mental impressions and strategies or its privileged communications with its client.[2] As this Court will see when comparing the two declaration versions, nothing that was removed from the Sanitized Declaration is so "essential to the judicial process" that it must be made available to the public. *Gen. Steel Domestic Sales, LLC*, 129 F. Supp. 3d at 1188 (D. Colo. 2015). Significantly, the Sanitized Declaration allows the "public [to] be able to review the factual basis of this [c]ourt's decisions and evaluate the [c]ourt's rationale so that it may be confident that the Court is functioning as a neutral arbiter." *Id*. at 1189. Magistrate Judge Braswell's Order does not address this option. This is a clear solution that balances both the public's interest in disclosure while maintaining the requisite confidentiality of privileged communications.

To the contrary, the need to protect the confidential information Defense counsel surgically removed from the Sanitized Declaration to allow the public evaluation described above is significant. Its dissemination will prejudice both Defense counsel and their client. Moreover, the result of allowing the public to access this privileged information will chill future filers from providing the court with sufficient information to establish the requisite good cause required for withdrawal by D.C.COLO.LAttyR 5(b). Replacing the Original Declaration with the Sanitized Declaration strikes the perfect balance—it provides the

---

[2] After the February 17, 2026 hearing in this case, Wellpath Defendants filed a sanitized version of the declaration which contained the good cause for undersigned counsels' request to withdraw in *Romero et al. v. Wellpath, LLC et al.*,No.1:24-cv-00997-SKC-KAS (D.Colo.). Magistrate Judge Starnella granted their Motion to Withdraw based exclusively upon the sanitized version. (*Id*. at Dkt. 153.)

facts while protecting the privilege.  This, coupled with the fact Plaintiffs never opposed application of the Level 3 restriction to Wellpath Defendants' Motion should compel this Court to set Magistrate Judge Braswell's Order aside and apply the Level 3 restriction to the Original Declaration or, at a minimum, permit Wellpath Defendants to replace the Original Declaration with the Sanitized Declaration.

## III.    Conclusion

For this reason, the Court should sustain Wellpath Defendants' Objection.

Dated:  March 17, 2026

Respectfully submitted,

s/ Ashlee B. Hesman
Daniel P. Struck, #012377
Ashlee B. Hesman, #028874
Kristina Rood, #035097
STRUCK LOVE ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Phone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
ahesman@strucklove.com
krood@strucklove.com

Attorneys for Defendants Hass, Magley-Hermann, Meyer, Perret, Reynolds, Yoder & Wellpath LLC

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I HEREBY CERTIFY that on the 17th day of March 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

David A. Lane
Reid Robertson Allison
Stephanie M. Frisinger
David George Maxted
KILLMER LANE, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
dlane@killmerlane.com
rallison@killmerlane.com
stephanie@maxtedlaw.com
dave@maxtedlaw.com

*Attorneys for Plaintiff*

Allison R. Ailer
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
allison.ailer@coag.gov

*Attorneys for Adams County Defendants*

Christopher Ryan Jones
Megan Amanda Jones
Gordon Rees Scully Mansukhani, LLP
555 17th Street, Suite 3400
Denver, CO 80202
crjones@grsm.com
mzjones@grsm.com

*Attorneys for Wellpath, LLC*

s/     B. Bull